1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

15

| MBNA AMERICA BANK, NA, | ) | 1:07cv0165 AWI DLB |
|---|---|---|
| | ) | |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| | ) | |
| MONIQUE M. ROMERO, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

16

17

18

19

20

Defendant Monique M. Romero ("Defendant"), proceeding pro se, filed a document

entitled "Motion to Transfer to Federal District Court" on January 29, 2007.[1]  Defendant names

MBNA America Bank, NA, as the plaintiff.  This Court construes the motion as Defendant's

attempt to remove an arbitration proceeding to this Court based on the following language:

21

22

> Defendant moves the Court to transfer this action from National Arbitration Forum to Federal Jurisdiction for the reasons that the plaintiff is a banking institution that is under the direct regulatory control of the Secretary of the Treasury pursuant to the Banking Holiday Act of Congress of 1933 codified at 12 USCA § 95.

23

24

Motion, at 3.  Defendant argues that this Court has exclusive federal jurisdiction over the

pending arbitration based on "banking statutes mandated by Congress."  Motion, at 3.

25

26

27

28

---

[1] Defendant filed a very similar document in 1:07cv0164 OWW LJO, where he appears as the plaintiff. Findings and Recommendation to dismiss the action, issued January 31, 2007, are pending.

1

1

**DISCUSSION**

2      By statute "any civil action brought in a State court of which the district courts of the

3    United States have original jurisdiction, may be removed by the defendant or the defendants, to

4    the district court of the United States for the district and division embracing the place where such

5    action is pending." 28 U.S.C. § 1441(a).  Federal courts "shall have original jurisdiction of all

6    civil actions arising under the Constitution, laws or treatises of the United States." 28 U.S.C. §

7    1331.  Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on

8    removal," the removal statute is strictly construed against removal. Shamrock Oil & Gas Corp.v.

9    Sheets, 313 U.S. 100, 108-109 (1941); Duncal v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).

10   Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first

11   instance." Duncan, 76 F.3d at 1485; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  A

12   defendant "has the burden of establishing that removal was proper." Duncan, 76 F.3d at 1485;

13   Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994).

14      This Court is empowered to summarily remand this action:

15          The United States district court in which such a notice [of removal] is filed shall
            examine the notice promptly.  If it clearly appears on the face of the notice and any
16          exhibits annexed thereto that removal should not be permitted, the court shall make an
            order for summary remand.
17

18   28 U.S.C. § 1446(c)(4).

       Defendant fails to demonstrate that the underlying arbitration proceeding is subject to this
19
     Court's jurisdiction.  Defendant's motion further fails to satisfy removal notice requirements in
20
     that, among other things, the motion does not indicate a timely attempt to remove (even assuming
21
     removal is available).  28 U.S.C. § 1446(a), (b).
22
                                        **RECOMMENDATION**
23
       Accordingly, for the reasons discussed above, the Court HEREBY RECOMMENDS that
24
     this action be dismissed on the grounds that Defendant wrongly attempts to remove an
25
     underlying arbitration proceeding to this Court.
26
       These findings and recommendations are submitted to the United States District Judge
27
     assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)
28

2

1  days after being served with these findings and recommendations, Defendant may file written

2  objections with the court.  Such a document should be captioned "Objections to Magistrate

3  Judge's Findings and Recommendations."  Defendant is advised that failure to file objections

4  within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>

5  <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6

7      IT IS SO ORDERED.

8      **Dated:    March 22, 2007**          /s/ **Dennis L. Beck**
   3b142a                                UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28